IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARLES J. DAVIS,**

 Plaintiff,

vs.          Case No. 4:13cv504-MW/CAS

**LT. DEBRA ROBINSON, et al.,**

 Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

  Plaintiff, proceeding pro se, filed a motion for a preliminary injunction. Doc. 51. Plaintiff requests this Court to order the Santa Rosa Correctional Institution's law library "to stop causing delays in providing [Plaintiff] with requested legal materials, case law, asst. from the law clerks . . . ." Doc. 51. Plaintiff states that he is housed in close management confinement and has not received any assistance during the past two weeks from the Santa Rosa law library or law clerks. *Id.* at 1.

  Pursuant to FED. R. CIV. P. 65, a "court may issue a temporary restraining order" if a plaintiff presents "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R. CIV. P. 65(b)(1)(A). Plaintiff did not provide a sworn affidavit with the motion. Moreover, Plaintiff has not shown irreparable injury. If Plaintiff needs additional time to

file a response, motion, or complete discovery, Plaintiff may request an extension of time from this Court explaining the need for the extension and how much time is required.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).  Plaintiff has not met all four prerequisites.

As noted above, Plaintiff has not alleged any facts which demonstrate irreparable injury.  Furthermore, although Plaintiff contends the law clerks have not provided him assistance, Plaintiff's motion does not allege that Plaintiff actually requested any

particular assistance. Plaintiff does not support his motion with any documentary evidence showing that he is requesting legal assistance and it is being denied by any named Defendant. None of the law clerks at Santa Rosa are named Defendants in this case. Moreover, none of the Defendants are located at Santa Rosa Correctional Institution.[1]

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for motion for a preliminary injunction, doc. 51, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 8, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] The complaint identifies all Defendants are employed at Suwannee Correctional Institution. Doc. 41.

Case No. 4:13cv504-MW/CAS