**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHARLES J. DAVIS,**

    **Plaintiff,**

**vs.**                                                     **Case No. 4:13cv504-MW/CAS**

**LT. DEBRA ROBINSON, et al.,**

    **Defendants.**

    _____/

## ORDER and REPORT AND RECOMMENDATION

On February 17, 2015, Defendants' motion to compel, doc. 64, was granted. Doc. 67. Plaintiff's refusal to answer questions during his deposition was not reasonable and the deposition transcript reflected that Plaintiff was not participating in discovery in good fath. *Id.* Plaintiff has been ordered to respond to questions in a second deposition. *Id.*

Defendants requested that Plaintiff be required to pay the costs for the second deposition made necessary by his refusal to cooperate during the first deposition. Doc. 64 at 2. In addition, Defendants requested that this case be stayed until costs are paid or, at the least, that no motions for summary judgment be filed "until Plaintiff answers the questions he has refused to answer." *Id.*

Plaintiff was advised that Rule 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions upon a party who fails to answer questions in a deposition and thereby thwarts discovery. FED. R. CIV. P. 37(a)(3) (quoted in doc. 65); *see also* doc. 67. Plaintiff was further advised that after giving the "deponent whose conduct necessitated the motion," if such a motion is granted, the Court must require him to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (quoted in doc. 65); doc. 67. To that end, Defendants were directed to file a statement of costs and expenses and Plaintiff was required to submit "a current copy of his inmate bank account." Doc. 67.

Defendants filed a statement of costs in support of the request for an award of sanctions. Doc. 70. The statement of costs is for $773.86, representing travel time, mileage, and a $45 court reporter fee. *Id.* at 4. Plaintiff submitted a printout of his inmate bank account which demonstrates a zero balance. Doc. 72. Plaintiff has liens against his account for over nine thousand dollars. *Id.*

Because Plaintiff's conduct was in bad faith and prevented the completion of his deposition, necessitating the expense of a second deposition, imposing costs as a sanction would not only be appropriate, but is generally required by Rule 37. However, the Court is faced with a similar situation to that presented in <u>Saunders v. Eslinger</u>, No. 6:11cv1591, 2012 WL 6212882, at *2-3 (M.D. Fla. Dec. 13, 2012) (declining to award costs under Rule 41(d) or stay the case because Plaintiff's inability to pay the costs "would be the equivalent of a dismissal with prejudice."). There, the court declined to enter a Rule 41(d) award because Plaintiff's in forma pauperis status meant he would be unable to pay such an award. In that instance, imposing costs as a condition to

continue the case "would be the equivalent of a dismissal with prejudice." 2012 WL 6212882, at *2-3. "The Eleventh Circuit has stated that a '[d]ismissal with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.'" Goforth v. Owens, 766 F.2d 1533, 35 (11th Cir. 1985) (quoted in Saunders, 2012 WL 6212882, at 3).

Here, Plaintiff's in forma pauperis motion demonstrates he has no funds with which to pay an award of costs. Doc. 72. However, his conduct should not go without ramifications to Plaintiff. An award of total expenses would be unjust in this situation, especially considering that Plaintiff cannot pay such an award. Thus, notwithstanding that Defendants' motion for sanctions, doc. 64, has been granted in part, *see* doc. 67 at 4, it is recommended that costs in the amount of $45 be imposed upon Plaintiff pursuant to Rule 37(a)(5). Plaintiff should be required to pay those costs in the same manner as provided for in the payment of filing fees[1] pursuant to § 1915.

The request to stay this case pending payment of costs, doc. 64, should be denied. The Order which stayed this litigation while determining the motion to compel and the issue of sanctions, doc. 65, should now be lifted. The period of discovery is reopened and the parties shall have until **May 19, 2015**, to complete discovery. Thereafter, motions for summary judgment shall be filed on or before **June 9, 2015**.

---

[1] Pursuant to 28 U.S.C. § 1915(f)(1), "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . . " The statute also provides that "If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. § 1915(f)(2)(A). "The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2)." 28 U.S.C. § 1915(f)(2)(B).

Accordingly, it is

**ORDERED:**

1. The Order, doc. 65, which granted the motion to stay this litigation, doc. 64, is **VACATED**.

2. Discovery is re-opened and the due date of any discovery requested shall not be later than **May 19, 2015**.

3. Motions for summary judgment shall be filed on or before **June 9, 2015**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that costs of $45 be imposed pursuant to Rule 37 against Plaintiff, but that the motion to stay this case pending payment of those costs, doc. 67, be **DENIED**.  It is further **RECOMMENDED** that the case be **REMANDED** for further proceedings, including entry of an order directing the Department of Corrections to impose the sanction as a lien on Plaintiff's inmate bank account.

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv504-MW/CAS